UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO L. CLEVELAND, SR., | No. 2:16-cv-2308 MCE AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| JANSSEN PHARMACEUTICALS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff is proceeding in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915.

On October 25, 2016, the Court dismissed plaintiff's complaint at the screening stage, but granted him leave to amend. ECF No. 4. Plaintiff has now filed his First Amended Complaint ("FAC"), and a request for the appointment of counsel to represent him. See ECF Nos. 10 (FAC), 9 (counsel request). The Court DISMISSES the FAC with leave to amend because plaintiff fails to adequately allege a basis for federal jurisdiction, and DENIES the request for counsel as moot.

 I. REQUIREMENTS FOR DIVERSITY JURISDICTION

The FAC does not contain the necessary statement of facts establishing why this federal district court has jurisdiction over plaintiff's claim. The "diversity" statute authorizes jurisdiction

over state claims if the parties are citizens of different states, and if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The complaint alleges that plaintiff seeks $1,000,000 in damages, well in excess of the jurisdictional amount.  ECF No. 10, 3.  The FAC alleges that Plaintiff is a citizen of California, and checks the "diversity of citizenship" box as the basis for federal jurisdiction.  Id. at 1, 5.  However, the FAC does not allege defendant's citizenship, so the Court cannot tell whether the Plaintiff and Defendant are actually citizens of different states.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Simply checking the "diversity of citizenship" box on the complaint form is not enough; Plaintiff must actually allege Defendant's citizenship.  The FAC will therefore be dismissed with leave to amend so that Plaintiff can include the jurisdictional facts of citizenship.

## II.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Compliant is DISMISSED without prejudice for failure to establish federal jurisdiction.  Plaintiff may file a second amended complaint within 30 days consistent with the guidelines stated above.
2. Failure to comply with this order may result in a recommendation that this action be dismissed for lack of prosecution and failure to comply with a court order.
3. Plaintiff's request for appointment of counsel (ECF No. 9) is DENIED as moot, with leave to re-file when Plaintiff files a complaint establishing federal jurisdiction.

DATED: June 6, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE