UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO L. CLEVELAND, SR., <br><br> Plaintiff, <br><br> v. <br><br> JANSSEN PHARMACEUTICALS, <br><br> Defendant. | No. 2:16-cv-02308-MCE-AC <br><br><br><br> ORDER |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 58. Counsel was previously appointed for the limited purpose of a settlement conference. ECF No. 45. Counsel moved to withdraw following the failure of settlement negotiations, ECF No. 54, and that motion was recently granted by District Judge Morrison C. England, Jr. ECF No. 60. Plaintiff is now in pro se, and the case is accordingly referred back to the undersigned. E.D. Cal. Local Rule 302(c)(21).

## I.     Motion

Plaintiff requests that the court appoint counsel, asserting that withdrawn counsel indicated to him that other counsel may be interested in taking this case. ECF No. 58 at 2. Plaintiff asserts that he is indigent and cannot afford counsel. Id.

## II.     Analysis

There is no right to counsel in civil cases; "the appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the district

1

court. It is a privilege and not a right." U. S. ex rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's lack of resources to afford counsel is not a reason to appoint counsel. "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." Kent v. U.C. Davis Med. Ctr., No. 215CV1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016). Even assuming prior counsel represented to plaintiff that other counsel might be willing to take his case, such representation does not create an obligation on the part of the court to find counsel for plaintiff.

### III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 58) is DENIED.

IT IS SO ORDERED.

DATED: November 7, 2018

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE