| | |
|---|---|
| DOMINGO L. CLEVELAND, SR., | No. 2:16-cv-02308-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| JANSSEN PHARMACEUTICALS, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is incarcerated and is proceeding in pro se. ECF No. 73. This matter is before the court on plaintiff's motion for order to show cause (ECF No. 76) and plaintiff's motion to compel (ECF No. 83). Defendant opposes both motions. ECF Nos. 79, 86. Upon review of the briefing, the motion for order to show cause is DENIED and the motion to compel is GRANTED in part and DENIED in part.

## I. Motion for Order to Show Cause

Plaintiff asks the court to issue an order to show cause to defendant, requiring it to demonstrate why plaintiff's family and criminal history are relevant to his civil action. ECF No. 76 at 1. Plaintiff states that a subpoena issued by defendant and signed by an attorney who is no longer working on this case should be rejected. Id. at 2. Defendant notes in opposition that the issuance of the subpoena under the name of an attorney no longer associated with this case was a clerical error, and that the subpoena is being re-issued. ECF No. 79 at 2. Defendant asserts that

the information regarding plaintiff's criminal history and former incarcerations is necessary because the bulk of plaintiff's medical treatment, which is at issue in this case, has taken place during his various incarcerations. Id. at 2-3. Because plaintiff's medical history is relevant to this case, and his medical history is closely tied to his history of incarceration, the discovery is relevant. Because defendant will re-issue the subpoena and correct the clerical error regarding the attorney, no order to show cause is necessary. Plaintiff's motion for an order to show cause (ECF No. 76) is therefore DENIED.

## II. Motion to Compel

Plaintiff seeks to compel answers to his interrogatories numbered 1-19, his requests for admission, and production of documents pursuant to his requests numbered 1-26. ECF No. 83 at 1. Defendant objects that plaintiff has failed to comply with his meet and confer obligations and the requirement to submit a joint statement. ECF No. 86 at 1-2. Because plaintiff now proceeds pro se and because he is a prisoner, all motion practice in this case is governed by Local Rule 230(l). Cases being litigated by pro se prisoners are routinely exempted from the meet and confer and joint statement requirements. Accordingly, non-compliance with these requirements does not provide a basis for denial of the motion.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a party does not make a required production, the requesting party may bring a motion before the court pursuant to Fed. R. Civ. P. 37 to compel disclosure.

Here, plaintiff asserts that defendant "failed to answer the interrogatories 1 through 19" as well as his requests for admission. ECF No. 1 at 32. Defendant states only that it has "complied with all of its discovery obligations" and as of February 21, 2019, produced over 1,800 pages "relating to the Risperdal prescribing information." ECF No. 86-2. Defendant is silent as to whether it provided any response to the interrogatories or requests for admission. From its silence, the court must infer that defendant has indeed failed to provide any response to plaintiff's

////

2

interrogatories and requests for admission. Thus, the motion to compel must be granted on this point.

As to the motion to compel production of documents, however, plaintiff has not sufficiently explained his objections to defendant's production. The parties agree that defendant has produced at least 1,800 pages of documents, but plaintiff asserts that the production is incomplete and consists of several duplicate documents. ECF No. 87 at 2-3. Duplication does not support compelled further production. Plaintiff has not established that the response to any request was inadequate, or that responsive documents exist that were not produced. Accordingly, the motion to compel must be denied on this point.

### III.     Conclusion

It is HEREBY ORDERED that plaintiff's motion for an order to show cause (ECF No. 76) is DENIED, and plaintiff's motion to compel (ECF No. 83) is GRANTED in part and DENIED in part. The motion to compel is GRANTED as to plaintiff's interrogatories and requests for admission, and defendant is ORDERED to provide complete responses to plaintiff within 15 days of this order. The motion to compel is DENIED as to plaintiff's requests for production.

DATED: March 27, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE