UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO L. CLEVELAND, SR., <br><br> Plaintiff, <br><br> v. <br><br> JANSSEN PHARMACEUTICALS, <br><br> Defendant. | No. 2:16-cv-02308-MCE-AC <br><br><br><br> ORDER |

The court is in receipt of plaintiff's fourth motion to appoint counsel. ECF No. 89. Counsel was previously appointed for plaintiff for the purposes of settlement. ECF No. 45. Counsel moved to withdraw following the failure of settlement negotiations, ECF No. 54, and that motion was recently granted by District Judge Morrison C. England, Jr. ECF No. 60. Plaintiff is now in pro se, and the case is accordingly referred back to the undersigned. E.D. Cal. Local Rule 302(c)(21).

## I. Motion

Plaintiff requests that the court appoint counsel, asserting that the case has substantial merit, plaintiff's ability to litigate is hampered by the fact that he is incarcerated, and that the case is complex. ECF No. 89 at 1-2.

## II. Analysis

There is no right to counsel in civil cases; "the appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the district

1

court. It is a privilege and not a right." U. S. ex rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's imprisonment and lack of resources to afford counsel are not a reason to appoint counsel. "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." Kent v. U.C. Davis Med. Ctr., No. 215CV1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016).

### III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 89) is DENIED. The court will not consider any further motions from plaintiff to appoint counsel. IT IS SO ORDERED.

DATED: April 8, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE