1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DOMINGO L. CLEVELAND, SR.,                No.  2:16-cv-2308 MCE AC

12                 Plaintiff,

13           v.                                  ORDER

14    JANSSEN PHARMACEUTICALS,

15                 Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se in this products liability case.  The case has

18    accordingly been referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  Before

19    the court is plaintiff's motion for an order requiring the institution where he is currently

20    incarcerated to allow him access to the prison law library.  ECF No. 98.

21          On July 8, 2019, defendant filed a motion for summary judgment.  ECF No. 93.  On

22    July 18, 2019, the undersigned granted plaintiff a 60-day extension of time to file his response, in

23    part because of plaintiff's limited access to the prison's law library.  ECF No. 97.  Plaintiff's

24    response is currently due on or before September 16, 2019.

25          In the instant motion, plaintiff states that he is only able to go to the law library on

26    Saturdays because of his work assignment schedule; and that the library has repeatedly been

27    unstaffed (and therefore unavailable to him) on Saturdays.  ECF No. 98 at 1-2.  The court

28    construes this motion as a request for another extension of time and will grant plaintiff an

                                                  1

additional 14-days to respond to defendant's motion for summary judgment.

The court also informs plaintiff that he may not actually need to access the prison law library as much as he believes he does in order to oppose defendant's motion for summary judgment. The court attaches another copy of the <u>Rand</u> Notice which was sent to plaintiff when service was first ordered in this case (ECF No. 19 at 5).[1] As indicated in the Notice, opposition to a motion for summary judgment generally consists of providing the court with proof of the facts that support a claim. While legal research may be helpful, plaintiff's primary focus should be on marshaling whatever factual evidence he has to contradict the evidence that defendant has set forth in its motion. While there is no doubt plaintiff will need access to the law library at some point in preparing his opposition, he likely can complete much of the preparation without it.

Of course, this order should not be taken to condone any unreasonable restriction on plaintiff's access to the law library. Rather, it is meant to remind plaintiff of the requirements for opposing summary judgment, and to explain why limited access to the law library will not support any future request for still more time unless plaintiff explains why such access is needed to complete the necessary tasks.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for access to legal research (ECF No. 98), construed as a motion for an extension of time, is GRANTED;

2. Plaintiff shall file his response to defendant's motion for summary judgment no later than September 30, 2019; and

3. Failure to file a timely response may result in a recommendation that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

DATED: August 7, 2019

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] It does not appear that defendant has complied with the court's instruction in that order that defendant must contemporaneously serve plaintiff with a copy of this <u>Rand</u> Notice (as a separate document) along with any motion for summary judgment. ECF No. 19 ¶ 11.

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).