1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DOMINGO L. CLEVELAND, SR,              No.  2:16-cv-02308 MCE AC PS

11            Plaintiff,

12        v.                                ORDER

13   JANSSEN PHARMACEUTICALS,

14            Defendant.

15

16        Plaintiff is proceeding in this case in pro per.  The proceeding has accordingly been

17   referred to the magistrate judge by E.D. Cal. R. 302(c)(21).

18        On November 18, 2019, the undersigned recommended that summary judgment be

19   granted in favor of defendant.  ECF No. 111.  On December 6, 2019, plaintiff timely requested an

20   extension of time to file objections.  ECF No. 112.  Plaintiff asserts he needs additional time to

21   craft his objections due to his lack of legal training and experience.  Id.  While plaintiff's

22   reasoning is minimal, the court finds it to be good cause in light of plaintiff's pro se status, and

23   out of an abundance of caution in favor of ensuring that this case is decided on its merits with all

24   relevant information presented.  Further, the court finds defendant would not be prejudiced by a

25   minor delay.  Thus, the court will allow a limited extension of time for plaintiff to object to the

26   Findings and Recommendations.

27        In the same document, plaintiff seeks leave to file an amended complaint to add a party.

28   "A motion for leave to amend is a nondispositive motion which a magistrate judge may properly

decide." <u>Seto v. Thielen</u>, 519 F. App'x 966, 969 (9th Cir. 2013).  Amendment under Fed. R. Civ.

P. 15(a) is discretionary and generally permitted with extreme liberality.  <u>See</u> <u>Chodos v. West</u>

<u>Publ'g Co.</u>, 292 F.3d 992, 1003 (9th Cir. 2002).  When a district court has already granted leave to

amend, as it has in this case, its discretion in deciding subsequent motions to amend is

"particularly broad."  <u>Griggs v. Pace Am. Group, Inc.</u>, 170 F.3d 877, 879 (9th Cir. 1999).  A

district court need not grant leave to amend where the amendment: "(1) prejudices the opposing

party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."

<u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006).

This case has been active for over three years.  ECF No. 1.  There is a pending

recommendation that summary judgment be granted in favor of defendant, following fully briefed

cross-motions.  ECF No. 111.  This case has been litigated through multiple amended complaints,

compelled mediation, and discovery.  Leave to amend to add a defendant at this very, very late

juncture would be highly prejudicial to the defendant, would produce an undue delay in the

litigation, and is very possibly sought in bad faith given the circumstances.  Leave to amend will

not be granted at this juncture.

In conclusion, for good cause shown, IT IS HEREBY ORDERED that plaintiff's motion

for extension of time, ECF No. 112, is GRANTED in part, and plaintiff shall have until January

8, 2020, to file objections.  The motion at ECF No. 112 as to leave to file an amended complaint

is DENIED.

DATED: December 10, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2