1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DOMINGO L. CLEVELAND, SR,                    No.  2:16-cv-02308-MCE-AC

11                   Plaintiff,

12           v.                                    FINDINGS AND RECOMMENDATIONS

13    JANSSEN PHARMACEUTICALS,

14                   Defendant.

15

16          This matter is before the court on plaintiff's motion for reconsideration of the order

17    dismissing this case.  ECF No. 121.  Plaintiff is proceeding pro se, and accordingly this motion

18    was referred to the undersigned pursuant to Local Rule 302(c)(21).  The court construes

19    plaintiff's request as a motion for relief from judgment pursuant to Federal Rule of Civil

20    Procedure 60.  For the reasons that follow, plaintiff's request should be DENIED.

21                    I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY

22          Plaintiff filed his complaint on September 27, 2016, along with an application to proceed

23    In Forma Pauperis ("IFP").  ECF No. 1.  The case was litigated through defendant's motion for

24    summary judgment on the merits, which the undersigned recommended be granted.  ECF No.

25    111.  Plaintiff filed objections to the findings and recommendations.  ECF No. 114.  On March

26    10, 2020, the district judge adopted the findings and recommendations, and entered judgment in

27    favor of defendant.  ECF Nos. 120, 121.

28    ////

## II.    THE MOTION

On July 17, 2020, plaintiff filed a motion titled "Motion for Reconsideration."  ECF No. 121.  The motion asks the court to re-open the case.  Id.  Because judgment has been entered, the court construes the filing as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60.

## III.    STANDARDS

The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).  A motion for reconsideration generally should not be granted unless the district court is presented with newly discovered evidence, has committed clear error, or there has been an intervening change in the controlling law.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880. "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Westlands Water Dist., 134 F.Supp.2d at 1131 (internal citations omitted).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged.  Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are

2

1  addressed to the sound discretion of the district court..." <u>Allmerica Financial Life Insurance and</u>

2  <u>Annunity Company v. Llewellyn</u>,139 F.3d 664, 665 (9th Cir. 1997).

3                                **IV.     ANALYSIS**

4          Plaintiff has not argued any of the Rule 60(b) grounds for relief from judgment, nor

5  referenced any circumstances that could be construed as implicating any of the Rule 60(b)

6  criteria.  Nor has he identified any cognizable ground for reconsideration.  Instead, plaintiff re-

7  argues the merits of the case, and references the disadvantages he faced as a pro se litigant.  This

8  is insufficient as a matter of law.  <u>See</u> Fed. R. Civ. P. 60(b); <u>Westlands Water Dist.</u>, 134

9  F.Supp.2d at 1131.  Relief from judgment is not warranted.

10                               **V.     CONCLUSION**

11        It is HEREBY RECOMMENDED that plaintiff's motion for reconsideration (ECF No. 121)

12  be DENIED.

13         These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a

17  document should be captioned "Objections to Magistrate Judge's Findings and

18  Recommendations."  Any response to the objections shall be filed with the court and served on all

19  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

20  objections within the specified time may waive the right to appeal the District Court's order.

21  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57

22  (9th Cir. 1991).

23  DATED: July 21, 2020

24                                          ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                              3